were made pursuant to an understanding, fraudulent on the part of Monson, which would defeat their apparent purpose and effect as such. The plaintiff received those instruments for value, and is a holder of them in good faith. They, in fact, were the product, when made, of his money deposited, and were transmitted to him as such. By them was expressed the liability and undertaking of the makers to pay the respective and equivalent amounts so deposited with the bankers who made them. The plaintiff was at liberty to assume that the liability to pay them would continue until they were presented for payment. This, as between them and the plaintiff, the bankers were, in view of the usual methods and course of business, required to understand. No reason appears for apprehension on the part of the plaintiff to the contrary. Nor is it seen that the indiscreet and remarkable confidence of the bankers in Monson's promise to return the drafts can legitimately be available to prejudice the plaintiff's claim, founded upon them. For these reasons, being unable to concur in the opinion adopted by a majority of the court, I think the judgment should be reversed, and a new trial granted, costs to abide the event.

(7 Misc. Rep. 409.)

### In re HUN et al.

(Supreme Court, Special Term, Albany County. March, 1894.)

EXECUTORS AND ADMINISTRATORS—ASSESSMENTS ON DECEDENT'S LAND.

　　4 Rev. St. (8th Ed.) p. 2560, § 27, which provides that an executor shall pay "the debts" of decedent in the following order: "(2) Taxes assessed upon the estate of the deceased previous to his death,"—does not include a street assessment, unless such assessment was a personal debt of decedent, and not merely a charge on the land.

Petition by Marcus T. Hun and others, as executors of Jane C. Van Schaick, deceased, for instructions in regard to the payment of certain assessments levied by the city of Albany against the property of deceased in her lifetime.

John J. Linson, for devisees.

John W. Pirsson and Frederick P. Foster, for legatees.

Russell M. Johnston, for executors.

PARKER, J. During the lifetime of Jane C. Van Schaick, an assessment for $4,931.32 was levied upon real estate owned by her in the city of Albany. The assessment was levied for the purpose of paying such a proportion of the expense of paving Delaware avenue as it was determined her real estate should bear. The statute authorizing the proceedings which resulted in the assessment gives to the city of Albany the right to maintain an action at law against the owner of any lot for the recovery of any assessment or apportionment remaining unpaid, made upon or against any such lot: "provided, however, that no such action at law shall be had or maintained against any such owner of any lot for the recovery of any assessment or apportionment remaining unpaid in any case where a petition of property owners is required by law for the doing of the work or

the making of the improvement, unless such owner was a petitioner to the common council for the performance of such work or the making of such improvement." Jane C. Van Schaick did not petition the common council. Therefore, the city could not have maintained an action against her during her lifetime for the recovery of the assessment. Its collection could only have been enforced out of the property against which it was assessed. Unless, then, the Revised Statutes have changed the rule which formerly obtained, the executors of Jane C. Van Schaick's will, not having been given specific direction to pay the assessment, cannot do so, as the land passed to the devisees charged with the assessment. This rule has illustration in Cumberland v. Codrington, 3 Johns. Ch. 229; Redf. Law & Pr. Surr. Ct. (5th Ed.) 554. The statute reads:

"Every executor and administrator shall proceed with diligence to pay the debts of the deceased, and shall pay the same according to the following order of classes: * * * 2nd. Taxes assessed upon the estate of the deceased previous to his death."[1]

The devisees contend that the word "taxes," as used in the statute, includes assessments. Attention is called to the case of People v. Mayor, etc., 4 N. Y. 419, in which it was held that an assessment levied upon property especially benefited by a local improvement for the purpose of paying the expenses of it is the result of the taxing power. And, as assessment is taxation, it is said that the word "taxes," as used in the Revised Statutes, must be held to include assessments; that while the testatrix was not liable personally to pay this assessment during her lifetime, still, as the statute directs the payment of "taxes,"—a word which the devisees assert to be broad enough to include assessments,—it is insisted the executors must now be required to pay them, and thus release the real estate devised from a burden which, under the statute, did not rest upon the testatrix personally, but was solely a charge upon the land. Reading the second subdivision by itself, the reasoning of the devisees would seem to be logical, and the conclusion reached irresistible. But reading it, as we must, in connection with the introductory provision, it seems quite clear that the word "taxes" cannot be so construed as to include an assessment, where the person owning the property assessed is under no legal obligation to pay it. Because estates of deceased persons are not always solvent, the statute undertakes to regulate the order in which the debts shall be paid. It does not attempt to create debts. The statute provides only for the payment of the debts of the deceased, and, in naming the order in which the several classes of debts shall be paid, it designates taxes assessed upon the estate of a deceased previous to her death as the second class. Necessarily, therefore, the word "taxes" must be construed to mean such taxes as the testator, at the time of his death, was under legal obligation to pay, and constituting, in the eye of the law, a personal debt. If the construction suggested be sound, it follows that the executors have no authority to pay the assessment in question. Let an order be entered accordingly.

[1] 4 Rev. St. (8th Ed.) p. 2560, § 27.